# In re Estate of John Oliver, deceased. Appeal of Robert Oliver.

*Intestate laws—Illegitimates—Real estate—Act of May 14, 1857.*

Under the Act of May 14, 1857, P. L. 507, a man whose deceased mother was born out of wedlock, her parents afterwards marrying and dying in England, may inherit a share of lands of which his uncle ex parte materna, domiciled in this country, died seized and intestate.

Argued Nov. 6, 1897. Appeal, No. 176, Oct. T., 1897, by Robert Oliver, from decree of O. C. Allegheny Co., Feb. T., 1896, No. 1, awarding partition. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Petition for partition of real estate.

On February 12, 1896, Harry Jeans presented his petition to the orphans' court of Allegheny county, claiming one half of the real estate of the decedent, asking partition thereof, and claiming title thereto through his mother, Julia Jeans, in his own right and by conveyance from his father, brothers and sisters.

Robert Oliver, the appellant, denied that Harry Jeans was entitled to any portion of said property.

Julia Jeans was born in the county of Dorset, England, about May, 1841; was baptized there in the parish of Stalbridge on June 20, 1841; was the daughter of Elizabeth Harris, and was born out of lawful wedlock. On October 28, 1841, Elizabeth Harris married Richard Oliver, the alleged father of Julia Jeans, and they had two children, namely, John Oliver, the intestate, and Robert Oliver, the respondent in this proceeding. Julia Jeans married George Jeans and died March 23, 1876, leaving to survive her a husband and five children, one of whom was Harry Jeans, the petitioner in this case. Elizabeth Oliver, the mother of Julia, died August 8, 1867.

Richard Oliver died in April, 1875. Elizabeth Harris, Julia Jeans and Richard Oliver were all born in England and died there without ever having been domiciled elsewhere.

HAWKINS, P. J., filed the following opinion:

The question involved in this matter is whether or not a claimant, born out of wedlock, whose parents afterwards married, and died domiciled in England, may inherit a share in lands left by an uncle, ex parte materna, domiciled in this country, under and by virtue of the act of May 14, 1857. That act, like the act of 1855, relating to the inheritance of illegitimates, is general in its terms, and makes no distinction between resident and nonresident parties: Waesch's Est., 166 Pa. 204. It provides that "in any and every case where the father and mother of illegitimate child or children shall enter into the bonds of matrimony and cohabit, such child or children, shall thereby become legitimate and enjoy all the rights and privileges, as if they had been born during the wedlock of their parents." The effect of the act was to add such persons to the class entitled to take under the intestate law; and the facts bring the present case clearly within its provision.

The case of Smith v. Derr, 34 Pa. 126, upon which exceptants rely, having arisen before the passage of the act of 1857, has no application to the present case.

And now, to wit: September 20, 1897, this matter came on to be heard, upon exceptions filed, and was argued by counsel, and thereupon said exceptions are dismissed at the cost of exceptant.

The court awarded partition.

*Error assigned* was decree of the court.

*J. H. Beal*, with him *W. B. Rodgers* and *R. C. Rankin*, for appellant.—The precise question in the case then is, can a person, at all times illegitimate according to the laws of her own domicil, as well as by the domicil of her parents, inherit lands in Pennsylvania. There is no case which holds that under such circumstances an illegitimate can inherit: Shedden v. Patrick, 5 Paton's App. Cases, 194; Ross v. Ross, 4 Wils. & Sh. 289; Smith v. Kelly, 23 Miss. 167; Lingen v. Lingen, 45 Ala. 410; Williams v. Kimball, 35 Fla. 49; Birtwhistle v. Vardill, 5 Barn. & C. 438; In re Goodman's Trusts, Law Reps. 17 Ch. D. 266; Smith v. Derr, 34 Pa. 126.

All the authorities agree that the status of a party, born out of lawful wedlock, as regards legitimacy or illegitimacy, is to be determined according to the law of the domicil of the father: Story on Conflict Laws, sec. 93; Lauderdale Peerage Case, Law Reps. 10 App. Cas. 692; Goodman's Trusts, Law Reps. 17 Ch. D. 266; Ross v. Ross, 129 Mass. 243; Udny v. Udny, L. R. 1 Sc. & Div. App. Cas. 441; In re Grove, L. R. 40 Ch. D. 216; Smith v. Kelly, 23 Miss. 167.

We submit then: 1. The only effect of the acts of 1857 and 1858 is to legitimate the persons upon whom these acts operate. 2. Julia Jeans was not legitimated by these acts, because neither she nor her parents were ever subject to these laws; and her status as regards legitimacy must be determined solely by the laws of the domicil of her parents.

Smith v. Derr, 34 Pa. 126 arose before the passage of the act of 1857.

*Wm. E. Newlin* and *Wm. A. Challener*, for appellee, were not heard, but in their printed brief said: The question involved

in this matter is whether or not a claimant born out of wedlock, whose parents afterwards married and died, domiciled in England, may inherit a share in the lands left by an uncle, ex parte materna, domiciled in this country, under and by virtue of the act of May 14, 1857. We submit that the claimant, the appellee, can inherit under such circumstances: Act of Feb. 23, 1791, 3 Sm. L. 4; Act of May 14, 1857, P. L. 507; Act of April 21, 1858, P. L. 413; Loftus v. F. & M. N. Bank, 133 Pa. 112; Harvey v. Ball, 32 Ind. 98; Blythe v. Ayres, 96 Cal. 532; Burton v. Burton, 1 Keyes, 359; Kelly v. Owen, 7 Wall. 496; Kane v. McCarthy, 63 N. C. 299; Brewer v. Blougher, 14 Peters, 199; Smith v. Derr, 34 Pa. 126; Andros v. Andros, Law Reps. 24 Ch. D. 637; Munro v. Munro, 1 Rob. App. Cases, 547; Carpenter's Est., 170 Pa. 208; Waesch's Est., 166 Pa. 204.

PER CURIAM, January 3, 1898:

The act of May 14, 1857, quoted in the opinion of the court below, in effect created a new class of distributees in addition to those theretofore entitled to take under our intestate laws. In its terms, the act is general and makes no distinction between resident and nonresident parties. The undisputed facts of this case bring it clearly within the plain provisions of the act, and hence there was no error in holding that the appellee, whose deceased mother, through whom he claims, was born out of wedlock, but her parents afterwards married and died domiciled in England—may inherit a share in lands of which his uncle, ex parte materna, domiciled in this country, died seized and intestate, as fully as if his said mother had been born during the wedlock of her parents. There is nothing in the case that requires further discussion. The decree is affirmed on the opinion of the learned president of the orphans' court, and the appeal is dismissed at appellant's costs.